IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Sarawan ANBAR<br>107 Claris Court<br>Chapel Hill, NC 27514<br><br>Petitioners<br><br>v.<br><br>Michael CHERTOFF<br>Secretary<br>U.S. Department of Homeland Security<br>425 Murray Drive, Building 410<br>Washington, DC 20528<br><br>Michael MUKASEY<br>U.S. Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington DC 20530-0001<br><br>Emilio T. GONZALEZ<br>Director<br>USCIS<br>20 Massachusetts Avenue, N.W.<br>Washington, DC 20529<br><br>Evelyn UPCHURCH<br>Director<br>USCIS Texas Service Center<br>4141 St. Augustine Road<br>Dallas, TX 75227<br><br>Rosemary MELVILLE<br>District Director<br>USCIS Atlanta District Office<br>77 Forsyth Street, SW<br>Atlanta, GA 30303 | Civil No. _____<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>COMPLAINT TO COMPEL<br>AGENCY ACTION AND FOR<br>WRIT OF MANDAMUS |

{00347952;1}

**Robert S. MUELLER, III** :
**Director** :
**Federal Bureau of Investigation** :
**J. Edgar Hoover Building** :
**935 Pennsylvania Ave. NW** :
**Washington, DC 20535** :
  :
  :
   **in their official capacities,** :
  :
   **Respondents** :

## PRELIMINARY STATEMENT

1. This is a civil action to compel agency action unreasonably delayed pursuant to 5 U.S.C. § 555(b) and § 706(1) and for *mandamus* relief pursuant to 28 U.S.C. § 1361.

2. Plaintiff has filed an I-485 Application to adjust her status to lawful permanent resident of the United States, but the Defendants have refused or willfully failed to process or adjudicate Plaintiff's application for several years. Plaintiff has made numerous attempts to have Defendants adjudicate her Application. Plaintiff has no other administrative remedies available to her to compel Defendants to act. Defendants' willful failure to adjudicate Plaintiff's application causes irreparable harm to the Plaintiff by depriving her of lawful immigration status allowing her to reside permanently in the United States.

3. Defendants have continually refused or failed to perform statutory and regulatory duties owed to the Plaintiff. Accordingly, Plaintiff seeks injunctive relief and *mandamus* relief arising out of the unlawful and unreasonably delayed actions of the Defendants.

## PARTIES

4. Plaintiff Sarawan Anbar (Alien Registration Number A97-191-018) is a citizen of the United Kingdom. She is the applicant in an I-485 application for adjustment of status to a lawful permanent resident filed with the United States Citizenship and Immigration Service (USCIS) on

or about March 20, 2003. Plaintiff Anbar resides at 107 Claris Court, Chapel Hill, North Carolina 27514.

5. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS) whose office address is DHS, 245 Murray Lane, Building 410, SW, Washington, D.C. 20528.

6. Defendant, Michael Mukasey, is Attorney General of the United States whose office address is U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530.

7. Defendant Emilio T. Gonzalez is Director of the U.S. Citizenship and Immigration Services (USCIS), a subdivision of DHS, whose office address is USCIS, 20 Massachusetts Avenue, NW, Washington, D.C. 20529.

8. Defendant Evelyn Upchurch is the Director of the USCIS Texas Service Center whose office address is USCIS Texas Service Center, 4141 St. Augustine Road, Dallas, TX 75227.

9. Defendant Rosemary Melville is the Director of the USCIS Atlanta District Office whose office address is USCIS Atlanta District Office, 77 Forsyth Street, SW, Atlanta, Georgia 30303.

10. Defendant Robert S. Mueller, III is the Director of the Federal Bureau of Investigation (FBI) whose office address is FBI, J. Edgar Hoover Building, 935 Pennsylvania Avenue, NW, Washington, D.C. 20535.

11. Each Defendant is sued in his or her official capacity. Defendants Chertoff, Gonzalez, Upchurch and Melville are responsible for the adjudication, grant and denial of I-485 Applications for Adjustment of Status filed by applicants in North Carolina, including Plaintiff's application, pursuant to 8 U.S.C. § 1103, 8 U.S.C. § 1255, 8 C.F.R. § 2.1, 8 C.F.R. § 103.1(a), and 8 C.F.R. § 2451.

12. Defendants Keisler and Mueller are responsible for providing criminal background information, if any, and name verification records relating to aliens within the United States, including applicants for Adjustment of Status, pursuant to 28 U.S.C. § 534(a)(4), 8 U.S.C. § 1105(b), 8 U.S.C. § 1182(a)(2), 8 U.S.C. § 1227(a)(2) and 28 C.F.R. §§ 20.31 and 28 C.F.R. § 20.33(a)(2).

## JURISDICTION

13. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under the laws of the United States, particularly 8 U.S.C. § 1255, 28 U.S.C. § 534(a)(4), and related agency regulations. This court also has jurisdiction to issue a writ of mandamus to compel agency action under 28 U.S.C. § 1361 as the Plaintiff's claims are against officers and employees of the United States and agencies thereof.

14. There are no administrative remedies available to Plaintiff to redress the grievances described in this Complaint. This action challenges the Defendants' procedural policies, practices, interpretations of law and their failure to act, not the discretionary granting or denial of individual petitions or applications. Therefore, the jurisdictional limitations under 5 U.S.C. § 701(a)(2) and 8 U.S.C. § 1252 do not apply.

## VENUE

15. Venue lies in the District of Columbia under 28 U.S.C. § 1391(e)(1), as this is an action against officers and employees of the United States acting in their official capacities, brought in the district where several of the Defendants reside. Defendants Chertoff, Gonzalez and Mueller all perform a significant amount of their official duties and maintain their offices in the District of Columbia.

4

16. Venue also properly lies within the District of Columbia pursuant to 28 U.S.C. § 1391(e)(2), as a substantial part of the events giving rise to the Plaintiff's claims occurred in this district. The policies, practices and interpretations of law giving rise to the Plaintiff's claims were issued by, or under the direction of, Defendants Chertoff, Gonzalez and Mueller, all of whom maintain their headquarters in the District of Columbia.

## STATEMENT OF THE CASE

17. On or about March 21, 2003, SmithKline Beecham Corporation d/b/a GlaxoSmithKline, the employer of Plaintiff's husband, Dr. Kamal Ahmed Albarazanji, filed with the USCIS Texas Service Center (TSC) an employment-based first preference immigrant petition, Form I-140, to classify him as a multinational manager and Dr. Albarazanji concurrently filed with the TSC an appropriate Application for Adjustment of Status on Form I-485, applying to become a permanent resident of the United States. GSK Corp's I-140 petition was approved on or about September 10, 2004 and Dr. Albarazanji was classified as an multinational manager pursuant to 8 U.S.C. § 1153(b)(1)(C). On or about September 10, 2004, Dr. Albarazanji's I-485 Application also was approved and his status was adjusted to a legal permanent resident of the United States. See Exhibit A.

18. On or about March 21, 2003, Plaintiff, the spouse of Dr. Albarazanji, and their two sons, Yadd Kamal Albarazanji, age 14, and Shad Kamal Albarazanji, age 12, filed appropriate Applications to Adjust to Permanent Resident Status on Form I-485 with the TSC applying to become permanent residents of the United States as derivative beneficiaries and the TSC issued Form I-797s on or about April 1, 2003, indicating receipt of their I-485 Applications. A copy of Plaintiff Anbar's Form I-797 Receipt is attached as Exhibit B.

19. The I-485 Applications of Plaintiff's two sons, Yadd and Shad, were approved on September 10, 2004 and they are permanent residents of the United States. Plaintiff's I-485 Application has been pending for approximately four years and seven months. The USCIS published Processing dates for I-485 Applications pending at the TSC which provides that as of September 15, 2007, the TSC was completing cases filed on or before December 19, 2006, leaving the processing of Plaintiff's I-485 Application more than three years and eight months behind the processing time for similar Applications.

20. Plaintiff has been unable to have Defendants complete the adjudication of her I-485 Application. Attempts by Plaintiff to have the I-485 Application adjudicated through status inquiries have failed to move the Defendants to act. Plaintiff has exhausted all administrative remedies.

21. The Defendants' failure to adjudicate Plaintiff's I-485 Application for over four years prevents and delays Plaintiff's ability to seek naturalization to become a United States citizen as naturalization applicants must reside continuously in the United States as permanent residents for five years to be eligible for naturalization pursuant to 8 U.S.C. § 1427(a).

22. Upon information and belief, the FBI has failed to complete and to issue to USCIS the results of any criminal background checks and/or name checks relating to the Plaintiff in connection with the Plaintiff's I-485 Application.

## CAUSES OF ACTION

### Count I

*(Violation of Administrative Procedure Act)*

23. Plaintiff incorporates the averments contained in paragraphs 1 through 22 as if fully set forth herein.

24. Defendants' practices, policies, interpretations of law, conduct and failures to act violate the *Administrative Procedure Act*, as the alleged agency action is:

(a) "unlawfully withheld or unreasonably delayed," under 5 U.S.C. § 706(1);

(b) not concluded "[w]ith due regard for the convenience and necessity of the parties ... and within a reasonable time," under 5 U.S.C. § 555(b);

(c) "arbitrary, capricious and an abuse of discretion or otherwise not in accordance with law," under 5 U.S.C. § 706(2)(A); and

(d) "without observance of procedures required by law," under 5 U.S.C. § 706(2)(D).

25. As a result, Plaintiff has suffered irreparable harm entitling her to injunctive and other relief.

## Count II

### *(Petition for Writ of Mandamus)*

26. Plaintiff incorporates paragraphs 1 through 25 as if fully set forth herein.

27. Defendants are charged with a duty to administer and enforce the *Immigration and Nationality Act*, pursuant to 8 U.S.C. §1103. Defendants Michael Chertoff, Emilio T. Gonzalez, Evelyn Upchurch and Rosemary Melville have sole responsibility for the adjudication of I-485 applications for adjustment of status filed under 8 U.S.C. §1255. Defendants Michael Mukasey and Robert S. Mueller, III, have sole responsibility to provide criminal background and name verification records to USCIS officials, pursuant to 8 U.S.C. §1105(b) and 28 U.S.C. §534(a)(4). Defendants have willfully and unreasonably delayed and refused to perform their clear, non-discretionary duties.

28. Plaintiff has a clear right to have her I-485 application adjudicated pursuant to the Immigration and Nationality Act.

29. Plaintiff has no administrative remedies available to compel Defendants to perform their statutory and regulatory duty.

30. Pursuant to 28 U.S.C. §1361, Defendants must be compelled to discharge their statutory duties owed to Plaintiff so that Plaintiff may be promptly informed of the outcome of her I-485 application.

## Count III

### (Equal Access to Justice Act)

31. Plaintiff incorporates paragraphs 1 through 30 as if fully set forth herein.

32. If Plaintiff prevails, she will seek attorney's fees and costs, pursuant to 5 U.S.C. §504 and 28 U.S.C. §2412.

## RELIEF REQUESTED

33. Wherefore, Plaintiff prays that this Court:

(a) Preliminarily and permanently enjoin Defendants from failing to perform a timely adjudication of Plaintiff's I-485 application;

(b) Order Defendants Michael Chertoff, Emilio T. Gonzalez, Evelyn Upchurch and Rosemary Melville to perform their duties and immediately adjudicate Plaintiff's I-485 application;

(c) Order Defendants Michael Mukasey and Robert S. Mueller, III, to perform their duty and immediately complete and issue the results of criminal background checks and/or name checks to USCIS relating to Plaintiff;

(d)     Award the Plaintiff attorney's fees and costs under the Equal Access to Justice Act; and

(e)     Grant each other relief as the Court deems equitable and proper.

Respectfully Submitted,

_____          Dated: 11/20/07
Thomas K. Ragland
(D.C. Bar No. 501021)
Maggio & Kattar, P.C.
11 Dupont Circle, NW, Ste. 775
Washington, DC 20036
202-483-0053

## VERIFICATION

I, Sarawan Anbar, under penalty of perjury, state the following:

I affirm the truth of the factual contents of the foregoing Complaint to Compel Agency Action and for Writ of Mandamus, upon information and belief.

Dated: 11-13-07

Place: _____

_____
Sarawan Anbar

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Sarawan ANBAR

## DEFENDANTS
Michael CHERTOFF, Secretary, Dept. of Homeland Security, Michael MUKASEY, Attorney General of the United States, Emilio T. GONZALEZ, Director, U.S. Citizenship & Immigration Services, Evelyn UPCHURCH, Director, USCIS Texas Service Center, Rosemary MELVILLE, Director, USCIS Atlanta District Office, Robert S. Mueller, III, Director, Federal Bureau of Investigation

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) Washington, DC
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Thomas K. Ragland
(D.C. Bar No. 501021)
Maggio & Kattar, P.C.
11 Dupont Circle, NW, Ste. 775
Washington, DC 20036

ATTORNEYS (IF KNOWN)
Jeffrey Taylor
U.S. Attorney for the District of Columbia
555 4th Street NW
Washington, DC 20530

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

● **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

● 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 U.S.C. § 555(b) and § 706(1), 28 U.S.C. § 1361 - Seeking an Order compelling administrative agency action unreasonably delayed.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 11/20/07    SIGNATURE OF ATTORNEY OF RECORD [signature]

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.